Case 10-00128    Doc 20    Filed 06/11/10    Entered 06/14/10 11:47:31    Desc Main
Document    Page 1 of 3

10-00128:15.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 6/3/2010 3:28:05 PM by:James Young Page 1 of 3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **In the Matter of:**<br>Arthur C. Cooley<br>April A. Cooley<br><br>**Debtor(s)** | Case No. 09-46941<br><br>Chapter 13 |
| ARTHUR C. COOLEY<br>APRIL A. COOLEY<br>               Plaintiffs,<br><br>-vs-<br><br>SPECIALIZED LOAN SERVICES, LLC<br><br>               Defendant, | Case No. 10-00128<br><br>Judge Jack B. Schmetterer |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON ADVERSARY COMPLAINT TO DETERMINE NATURE AND EXTENT OF LIEN AND TO AVOID JUNIOR MORTGAGE OF SPECIALIZED LOAN SERVICES, LLC.

### Findings of Fact

1. The Plaintiffs, ARTHUR C. and APRIL A. COOLEY, are individuals residing at 1022 S. Park Blvd., Streamwood, Illinois 60107.

2. SPECIALIZED LOAN SERVICES, LLC, is a lender and/or servicer of mortgages.

3. On December 11, 2009 ARTHUR C. and APRIL A. COOLEY filed a Petition for Relief under Chapter 13 of Title 11 of the United States Code in the Northern District of Illinois as Case Number 09-46941.

4. ARTHUR C. and APRIL A. COOLEY are the owners of real estate (hereinafter called "the real estate") commonly known as 1022 S. Park Blvd., Streamwood, IL 60107 and legally described as follows:

   LOT 193 IN WOODLAND HEIGHTS UNIT NO. 1, BEING A SUBDIVISION IN THE SOUTH HALF OF SECTION 23 AND THE NORTH HALF OF SECTION 26, TOWNSHIP 41 NORTH, RANGE 9, EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE PLAT THEREOF RECORDED JANUARY 17, 1958 AS DOCUMENT 17112595 IN COOK COUNTY, ILLINOIS.

   Common Address: 1022 S. Park Boulevard, Streamwood, IL 60107

1

Case 10-00128    Doc 20    Filed 06/11/10    Entered 06/14/10 11:47:31    Desc Main
Document    Page 2 of 3

10-00128:15.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 6/3/2010 3:28:05 PM by:James Young Page 2 of 3

Parcel ID: 06-26-102-054

5. The fair market value of the Debtors' real estate as of September 22, 2009 is $133,000.00.

6. A first mortgage lien is held by OneWest Bank, FSB in the amount of $169,674.12.

7. In or around January of 2007, Specialized Loan Services, LLC granted a junior mortgage on the Debtors residence in the amount of $72,000.00, recorded in the Cook County Recorder of Deeds as Document number 0705708170.

8. The amount owed on the first mortgage of $169,674.12 exceeds the value of the underlying property, which is $133,000.00.

9. No creditor in this case has filed a Proof of Claim related to the Junior Mortgage, however, Debtors' Adversary Complaint has asked the Court to determine the nature and extent of the junior mortgage lien on their residence and to void said lien.

10. Service of Debtors' Adversary Complaint was made by certified mail to the Registered agent of Specialized Loan Services, LLC, and summons issued.

11. Specialized Loan Services, LLC has failed to answer, appear or otherwise plead.

### Conclusions of Law

12. This Adversary Proceeding arises under § 502, § 506 and § 1322 of the United States Bankruptcy Code.

13. This Honorable Court has Jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C §§ 151, 157 and 1334 and Local Rule 2.33 of the United States District Court for the Northern District of Illinois, in that the instant proceeding relates to the Debtors' Chapter 13 Bankruptcy, Case No. 09-46941, which is presently pending before this Honorable Court.

14. This proceeding is a "core proceeding" pursuant to 28 U.S.C. §157(b)(2)(K).

15. Pursuant to § 506(a) of the Bankruptcy Code, Defendant's junior mortgage lien is an allowed secured claim only to the extent of the value of the estate's interest in the property securing the claim, and the lien is void to the extent that it is not an allowed secured claim.

16. Because the junior mortgage lien held by Defendant is wholly unsecured, any claim filed by Specialized Loans Services, LLC is not an allowed secured claim pursuant to § 506(a) of the Bankruptcy Code, and the lien may be stripped from the Debtors' residence upon completion of Debtors' Chapter 13 Plan pursuant to § 1322 of the Bankruptcy Code. *In Re: Waters*, 276 B.R. 879 (N.D. Ill. 2002); *In Re: Havel*, 2002 Bankr, Lexis 1004 (Bankr S.D. Ill. 2002); *In re: Mann*, 249 B.R. 831, 840 (1st Cir. BAP 2000); *In Re: Pond*, 2001 U.S. App. Lexis 11287 (2d Cir. 2001); *In Re: McDonald*, 205 F.3d 606 (3d Cir. 2000); *Bartee vs. Tara Colony*

Case 10-00128    Doc 20    Filed 06/11/10    Entered 06/14/10 11:47:31    Desc Main
Document    Page 3 of 3

10-00128:15.0:Proposed Findings of Fact and Conclusions of Law:Main Document Entered: 6/3/2010 3:28:05 PM by:James Young Page 3 of 3

*Homeowners Assoc.*, 212 F.3d 277 (5th Cir. 2000); *In Re: Lam*, 211 B.R. 36 (9th Cir. BAP 1357); *In Re: Tanner*, 217 F.3d 1357 (11th Cir.).

17. That upon confirmation and completion of Debtor's Chapter 13 Plan by entry of a discharge, Specialized Loan Services, LLC's junior mortgage lien on the Debtors' residence will be stripped from the above-named property and will be void and of no further legal effect pursuant to § 1322 of the Bankruptcy Code.

ENTERED:

U.S. Bankruptcy Judge

JUN 1 1 2010

Prepared by:
JAMES A. YOUNG & ASSOCIATES.
47 DuPage Court
Elgin, Illinois 60120
(847) 608-9526